Willie Charles **FRANKLIN**, Appellant,

v.

**Louie L. WAINWRIGHT**, Director, Division of Corrections, State of Florida, Appellee.

No. 24155.

United States Court of Appeals
Fifth Circuit.

June 29, 1967.

Willie Charles Franklin, pro se.

Wallace E. Allbritton, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

This is an appeal from a denial of habeas corpus without an evidentiary hearing. The appellant was sentenced to life imprisonment in 1965 upon his plea of nolo contendere in the Circuit Court of Pinellas County, Florida.

Under Florida law the plea of nolo contendere, when accepted by the court, has the same effect as a plea of guilty. Peel v. State, Fla.App.1963, 150 So.2d 281, cert. den., 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279.

The appellant did not allege in his habeas corpus petition that there was any vice in his plea of nolo contendere, which he entered upon advice of his court-appointed counsel. He alleged merely that certain personal property was illegally obtained from him following his allegedly illegal arrest without a warrant.

The rule which this Court stated in Busby v. Holman, 5 Cir. 1966, 356 F.2d 75, 77, 78, is dispositive of this appeal. There we said, "It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. * * *"

The appellant's habeas petition contained no allegations which would require the district court to hold an evidentiary hearing on its merits. Therefore, the judgment of the district court must be affirmed.